IN THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY, MARYLAND

| | |
|---|---|
| **DANIELLE ZIMMERMAN** <br> 10411 Three Doctors Road <br> Dunkirk, MD 20754 <br><br> *Plaintiff*, <br><br> v. <br><br> **HOME DEPOT U.S.A., INC.** <br> 2455 Paces Ferry Road SE <br> Atlanta, GA 30339 <br><br> *Defendant.* | * <br> * <br> * <br> * <br> *   Case No.: _____ <br> * <br> * <br> * |

## COMPLAINT

Plaintiff, Danielle Zimmerman ("Plaintiff" or "Ms. Zimmerman"), by and through her attorneys, Edward W. Brady, Lauren Bonanni Bettis and Brady Fischel & Daily, LLC, hereby file this Complaint against Defendant, Home Depot U.S.A., Inc. ("Defendant" or "Home Depot"), and states as follows:

## THE PARTIES

1. Ms. Zimmerman is a Maryland resident with her principal place of residence located at 10411 Three Doctors Road in Dunkirk, Maryland.

2. Defendant, Home Depot U.S.A., Inc., is a Georgia-based corporation, incorporated under the laws of the State of Delaware, that conducts business in the State of Maryland. Defendant's principal place of business is located at 2455 Paces Ferry Road, SE, Atlanta, Georgia. Defendant is the owner of its affiliate, The Home Depot, which operates throughout the State of Maryland via numerous home improvement retail store locations, including 145 Defense Highway, Annapolis, Maryland.

1

## JURISDICTION & VENUE

1. Jurisdiction is proper pursuant to Maryland Code, Ann., Courts and Judicial Procedure Article ("CJP") §6-103 as this is a tort action based in negligence and the cause of action arose at 145 Defense Highway, Annapolis, Maryland.

2. Venue is appropriate pursuant to Maryland Code, Ann., CJP §6-201 as this action is a civil action brought against Defendant who conducts regular business in Anne Arundel County, Maryland.

## FACTS

3. On November 6, 2018, Ms. Zimmerman arrived at The Home Depot store located at 145 Defense Highway in Annapolis, Maryland to purchase tile for a home improvement project.

4. Ms. Zimmerman selected and purchased an entire pallet of tile. The store manager who assisted Ms. Zimmerman with the purchase, tasked an unknown young male Home Depot employee ("Employee") to assist with transporting the pallet of tile to the vehicle loading area outside the store building and to assist Ms. Zimmerman in loading the tile into her truck.

5. Plaintiff parked her vehicle in the vehicle loading area as directed. Given the tremendous weight of the tile purchased by Plaintiff, Employee enlisted the aid of a piece of mechanical equipment known as a pallet jack in order to transport the pallet of tile from the interior of the store to Plaintiff's vehicle.

6. When Employee arrived at Plaintiff's vehicle, he positioned the pallet jack behind the bed of Ms. Zimmerman's truck with the lift forks pointed in the direction of the truck bed and bearing the weight of the pallet of tile suspended above ground level. Employee indicated that the tile was then ready to be off-loaded from the pallet to the bed of Ms. Zimmerman's truck.

2

7. As Plaintiff approached the pallet to begin unloading the tile, Employee suddenly and without notice or warning, lowered the pallet crushing Ms. Zimmerman's foot under the full weight of the tile, pallet and pallet jack.

8. As a result, Plaintiff suffered a crush injury to her left foot which required extensive medical care and treatment, including surgery. The injuries suffered, and the care and treatment of these injuries, caused Ms. Zimmerman to suffer severe and excruciating pain and discomfort, significant and permanent impairment and significant economic loss.

9. At all times relevant to this action, Employee was an agent, servant or employee of Defendant and was acting within the scope of his employment, agency or service with Defendant. Therefore, all negligence acts and omissions of Employee are attributable to and imputed to Defendant.

10. In addition to being vicariously liable for the negligence of Employee, Defendant is directly liable for its own negligence for, *inter alia*: failing to adequately train Employee in the proper use of a pallet jack; failing to adequately supervise Employee during operation of the pallet jack; failing to adequately train Employee to recognize, appreciate and avoid the hazards and other risks associated with the operation of the pallet jack; failing to adequately train Employee to warn customers of the potential risks, concerns and dangers associated with being in proximity to the pallet jack; and failing to take all other necessary and prudent measures to ensure that Employee was capable and competent to properly and safely operate a pallet jack in such a manner as to avoid causing injury.

## COUNT I
### (Negligence - Respondeat Superior)

11. Plaintiff hereby incorporates the allegations set forth above as if fully set forth herein.

12. Defendant's agents, servants or employees, including Employee, had a duty to operate the pallet jack in a safe and proper manner, and take all other reasonable steps required to prevent the pallet of tiles from unexpectedly crashing to the ground without notice.

13. Defendant, acting through its agents, servants or employees, including Employee, breached this duty by, *inter alia*, advising Ms. Zimmerman that she could safely begin unloading the pallet without first ensuring that the pallet jack was grounded, lowering the pallet jack without warning Ms. Zimmerman to stand clear of the equipment; failing to take the necessary, appropriate and required measures to prevent the pallet of tiles from collapsing onto Plaintiff's foot by, among other things: failing to properly operate a pallet jack; failing to properly and adequately secure the forks in a manner that would prevent the pallet of tiles from unexpectedly dropping to the ground; failing to warn Ms. Zimmerman of the risks and hazards associated with unloading the tiles from the pallet jack; failing to warn, or otherwise prevent, Ms. Zimmerman from approaching the pallet of tiles before the forks were grounded or otherwise properly secured; and by failing to take all other reasonable and necessary steps to prevent the injuries suffered by Ms. Zimmerman.

14. As a direct and proximate result of the negligence of Defendant's agents, servants or employees, including Employee, Ms. Zimmerman has suffered permanent bodily injury, mental pain and suffering, as well as economic loss.

## COUNT II
### (Negligence)

15. Plaintiff hereby incorporates the allegations set forth above as if fully set forth herein.

16. Defendant had a duty to properly train and supervise its agents, servants and employees, including Employee, to ensure the safe operation of a pallet jack.

4

17. Defendant had a duty to properly train its agents, servants and employees, including Employee, to ensure that each was aware of the hazards and other risks associated with the improper use or operation of a pallet jack.

18. Defendant had duty to properly train and supervise its agents, servants and employees, including Employee, to ensure a safe interaction between Defendant's customers and the equipment operated by its agents, servants and employees, including Employee.

19. Defendant breached said duties by, *inter alia*, failing to properly train and supervise its agents, servants and employees, including Employee, so as to ensure the reasonable and necessary steps required to prevent the injuries suffered by Ms. Zimmerman.

20. As a direct and proximate result of Defendant's negligence, Ms. Zimmerman has suffered permanent bodily injury, mental pain and suffering as well as economic loss.

WHEREFORE, Plaintiff, Danielle Zimmerman, demands judgment against Defendant, Home Depot U.S.A., Inc. in a sum that exceeds Seventy-Five Thousand dollars ($75,000.00), plus interest, costs and attorney fees.

Respectfully submitted,

/s/ Edward W. Brady
Edward W. Brady (CPF No.: 9212150073)
Lauren Bonanni Bettis (CPF No.:0912150094)
BRADY FISCHEL & DAILY, LLC
721 Melvin Avenue
Annapolis, Maryland 21401
410-216-9054
ed@bfdlegal.com
lauren@bfdlegal.com

*Attorneys for Plaintiff,*
*Danielle Zimmerman*